

# The Attorney General of Texas

December 29, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable E. Richard Friedman, O.D.
Chairman of the Board
Texas Optometry Board
5555 N. Lamar
Austin, Texas 78751

Opinion No. H- 1319

Re: Whether certain financial interest causes a member of the Texas Optometry Board to have a personal private interest in proceedings before the board.

Dear Dr. Friedman:

You have requested our opinion regarding the circumstances under which a member of the Texas Optometry Board is prohibited from participating in board proceedings under section 6 of article 6252-9b, V.T.C.S. That statute provides, in pertinent part:

> (a)   This section applies only to an elected or appointed officer who is a member of a board or commission having policy direction over a state agency, excluding officers subject to impeachment under Article XIV, Section 2, of the Texas Constitution. If such an officer has a personal or private interest in any measure, proposal, or decision pending before the board or commission, he shall publicly disclose the fact to the board or commission in a meeting called and held in compliance with the Open Meetings Law (Article 6252-17, Vernon's Texas Civil Statutes) and shall not vote or otherwise participate in the decision. The disclosure shall be entered in the minutes of the meeting.
>
> (b)   For the purposes of this section, the term 'personal or private interest' has the same meaning as is given to it under Article III, Section 22, of the Texas Constitution, governing the conduct of members of the legislature. For the purposes of this section, a person does not have a 'personal or private interest' in any measure, proposal, or decision if he is engaged in a

(c)  A person who violates this section is subject to removal from office on the petititon of the attorney general on his own initiative or on the relation of any other member of the board or commission or on the relation of any citizen. The suit shall be brought in a district court of Travis County or of the county where the violation is alleged to have been committed. If the court or jury finds from a preponderance of the evidence that the defendant violated this section and that an ordinary prudent person would have known his conduct to be a violation of this section, the court shall enter judgment removing the defendant from office.

You state that one member of the optometry board has, over a period of many years, contracted with a large number of practicing optometrists for the right to use the trade name and goodwill associated with the member's company. Typically, such a contract encompasses three distinct phases: (1) actual employment of the individual optometrist by the member's company; (2) joint ownership of the franchise; and (3) the sale of 100 percent of the franchise to the individual optometrist. It has been suggested that, during one or more of these phases, the member may be said to have a "personal or private interest" in any disciplinary hearing involving an individual optometrist with whom he has contracted.

Any of the three phases could constitute the kind of "personal or private interest" discussed in the statute. Where the individual has a personal or private interest he may not vote or take part in the hearing. We have not, however, been presented with the terms of any contractual arrangement, and therefore cannot say that disclosure is required in a particular instance. We believe that it is for the member himself to make the initial determination. See Tex. Const. art. 3, § 22, Interpretive Commentary. If the board disagrees with that determination, it is not empowered to prohibit his participation in a pending decision by its own action. If the board believes that the member has failed to comply with the requirements of the statute, its remedy is to bring an action under section 6(c) of article 6252-9b.

## S U M M A R Y

Contractual relationships between a member of the Texas Optometry Board and an optometrist who is the subject of a disciplinary proceeding before the board can constitute a personal or private interest which would require the board member to excuse himself. The decision on whether to participate must be made by the board member himself, and the remainder of the board may not unilaterally prohibit his participation if it disagrees with his determination that no personal or private interest exists.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn